# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DAVID McIVER,                                :

    Plaintiff,                              :

vs.                                          :   CA 08-0461-WS-C

EXXON MOBIL CORPORATION, *et. al*,           :

    Defendants.                             :

## REPORT AND RECOMMENDATION

This matter is before the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), on two motions to dismiss filed November 6, 2008, one by ExxonMobil Corporation (Doc. 17) and the other by ExxonMobil Medicare Supplement Plan (Doc. 18), against Plaintiff David McIver. After a thorough review of these motions, it is the undersigned's recommendation that ExxonMobil's motion be **GRANTED** and ExxonMobil Medicare Supplement Plan's motion be **GRANTED**.

**I.   Background.**

A 1978 workplace accident left David McIver, then an employee of Exxon Mobil Corporation, totally and permanently disabled. (Doc. 1, ¶ 7.) As a result, McIver obtained worker's compensation and received long term disability coverage from his employee healthcare plan. Years passed without event, but then in December of 2007, McIver allegedly received a

phone call from a benefits representative from Exxon Mobil Benefit Service Center informing him that his long term disability plan "would be converted to a standard retirement plan on his 65th birthday," a move which would be, according to McIver, "in direct violation of the provisions of [his existing] long term disability plan." (*Id.* at ¶ 8.)  The benefits representative did, however, advise McIver to enroll in the Medicare Supplement Plan offered by ExxonMobil Corporation, advice which McIver apparently took on February 11, 2008 ("Plaintiff mailed a cancellation authorization" for the Medicare Supplement Plan on that date).  (*Id.*)  McIver next alleges that since February 2008, Defendants have failed to honor their agreement with Plaintiff by not making payments of medical bills and prescriptions covered under his long term disability contract with ExxonMobil Medicare Supplement Plan.  (*Id.* at ¶ 10.)

**II.  Discussion.**

    **A.**    *ExxonMobil's Motion to Dismiss Granted*

McIver brought this ERISA action, then, seeking declaratory relief entitling him to the benefits of his original long term disability plan and injunctive relief to force Defendants to provide those benefits.  (*Id.* at ¶ 21.)  On November 6, 2008, however, ExxonMobil entered a Motion to Dismiss (Doc. 17) which made the observation that ExxonMobil Corporation was an improper party to the lawsuit "as it is neither the plan nor the plan

administrator of the ERISA-governed benefit plan." (Doc. 17, p. 1.) As McIver admits in his Motion to Amend Complaint (Doc. 25), ExxonMobil "should be dismissed as a party defendant," providing fantastic support for the undersigned's recommendation that ExxonMobil's Motion to Dismiss (Doc. 17) be **GRANTED**. (Doc. 25, p. 1.)

### B.   *EMMSP's Motion to Dismiss Count III*

#### 1.   *EMMSP's Position*

Also on November 6, 2008, the properly-named party to this action, ExxonMobil Medicare Supplement Plan, (hereafter "EMMSP") filed a motion to dismiss Count III of McIver's Complaint (Doc. 18). In the brief (Doc. 19) filed alongside that relatively narrow motion, EMMSP argues that because Count III of McIver's Complaint is predicated on 29 U.S.C. §§ 1132(a)(1), which allows a court to award benefits as a remedy for a violation of an employee benefit plan, *and* 1132(a)(3), which EMMSP maintains is a "catchall" provision that is "appropriate only where no other remedy is available under 29 U.S.C. § 1132(a)."[1] (Doc. 19, p. 1-2.)

---

[1] 29 U.S.C. § 1132(a) states, in relevant part:

    A civil action may be brought–

        (1) by a participant or beneficiary–

            (A) for the relief provided for in subsection (c) of this section, or

Because McIver's damages, if any, *are* remediable by an award of benefits, EMMSP argues, Plaintiff "cannot sustain a claim under 29 U.S.C. § 1132(a)(3)," and therefore Count III of the Complaint "should be dismissed for failure to state a claim upon which relief can be granted." (Doc. 19, p. 2.)

**2.    *Standard of Law***

To survive a 12(b)(6) motion to dismiss, a complaint must "as a threshold matter provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8(a)(2)." *Mallory v. GMS Funding, LLC*, 2008 WL 2782886, *1 (S.D. Ala.), quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). After this bar has been passed, the undersigned notes that "when considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits

---

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

.      .      .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). While a plaintiff need not submit meticulously-detailed factual allegations, they must contain more than "labels and conclusions," and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965. Moreover, "factual allegations must be enough to raise a right to relief above the speculative level," and plaintiffs must nudge their claims "across the line from conceivable to plausible [or] their complaint must be dismissed." *Id.* at 1965, 1974. The Eleventh Circuit has taken these words from our Supreme Court and added the clarification: "Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement, they stop short of the line between possibility and plausibility of entitle[ment] to relief." *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (2007) (quoting *Twombly*, 127 S.Ct. at 1966).

Next, "[i]f 'a claim has been stated adequately, it may be supported by showing any set of facts consistent with the complaint.'" *Mallory*, 2008 WL 2782886 at *1, quoting *Twombly*, 127 S.Ct. at 1969. Even more pointedly, "a motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can

5

prove no set of facts in support of his claim which would entitle him to relief." *Mallory*, 2008 WL 2782886, at *1, quoting *Kirwin v. Price Communications Corp.*, 391 F.3d 1323, 1325 (11th Cir. 2004).

### 3.     *McIver's Position*

Plaintiff claims in his Response (Doc. 26) to EMMSP's Motion to Dismiss that the current action "is brought not only to seek reimbursement for benefits wrongfully withheld[,] but also to guarantee compliance with the plan, henceforth [sic]." (Doc. 26, p. 2.) This, Plaintiff asserts, signifies that Count III of the Complaint "alleges facts that are not remedial by an award of benefits alone." (*Id.*) This observation, however, is neither the focus nor the culmination of the relevant inquiry under Eleventh Circuit jurisprudence, as the following section will demonstrate.

### 4.     *The Eleventh Circuit's Treatment of* **Varity v. Howe**

The Supreme Court, in the much-debated decision of *Varity v. Howe*, 516 U.S. 489 (1996), noted that 29 U.S.C. § 1132(a) authorizes "appropriate" equitable relief: "We should expect that courts, in fashioning 'appropriate' equitable relief, will keep in mind the special nature and purpose of employee benefit plans, and will respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others." *Id.* at 515. "Thus," *Varity* concludes, "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there

will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." *Id*.

This language has been interpreted by the Eleventh Circuit to preclude a plaintiff from simultaneously bringing a cause of action under 29 U.S.C. § 1132(a)(1)(B) with one under 29 U.S.C. § 1132(a)(3), although there is disagreement among the circuit courts that have been asked to resolve this issue. *E.g., Black v. Long Term Disability Insurance*, 373 F.Supp.2d 897 (E.D.Wis. 2005) (observing that while the 7th Circuit had not yet ruled on the issue, the 2nd Circuit held that a plaintiff could hypothetically prevail on claims under both subparts of 29 U.S.C. § 1132(a), but that the 5th, 6th, 8th, and 9th Circuits instead view the subsections as mutually exclusive).

Perhaps the best encapsulation of the reasoning behind the decision of the Circuits that do not view the subsections of § 1132(a) as mutually exclusive also comes from *Black*. There, the Court noticed with particularity that when *Varity* asserts that further equitable relief would be unnecessary to someone who had a claim under § 1132(a)(1), the Court used the qualification "normally," as opposed to the absolutist alternative, "never." *Black*, 373 F.Supp.2d at 902. In addition to this text-based argument, the *Black* Court made the pragmatic observation that the more restrictive reading of *Varity* actually runs afoul of the Federal Rules of Civil

Procedure. "To dismiss an ERISA plaintiff's § 1132(a)(3) claim as duplicative at the pleading stage would, in effect, require the plaintiff to elect a legal theory and would, therefore, violate Rule 8(c) [of the Federal Rules of Civil Procedure]." *Id*. at 903.

Nevertheless, the Eleventh Circuit has decided to align itself with the more restrictive school of interpretation, as *Ogden v. Blue Bell Creameries*, 348 F.3d 1284 (2003) enunciates quite clearly. States *Ogden*: "[A]n ERISA plaintiff who has an adequate remedy under Section 502(a)(1)(B) cannot alternately plead and proceed under Section 502(a)(3)." *Id*. at 1287 (citing *Katz v. Comprehensive Plan of Group Insurance*, 197 F.3d 1084 (11th Cir. 1999)). In light of this controlling precedent and with the firm knowledge that McIver asserted his count for injunctive relief "pursuant to 29 U.S.C. Section[s] 1132(a)(1) and 1132(a)(3)," the undersigned is left with the firm conviction that Count III is unnecessary. (Doc. 1, ¶ 20.)

### III.    Conclusion.

For the foregoing reasons, it is recommended that all claims plead against ExxonMobil be **DISMISSED**, and further that Count III plead against the remaining defendant, EMMSP, be **DISMISSED** as well.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 7th day of January, 2009.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C.

§ 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

          s/WILLIAM E. CASSADY
          UNITED STATES MAGISTRATE JUDGE